

FILED by ____ D.C.
ELECTRONIC
June 03, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.
**08-10044-CIV-MARTINEZ/BROWN**

THE COUNTY OF MONROE, FLORIDA,

    Plaintiff,

v.

PRICELINE.COM INC.; LOWESTFARE.COM, INC.;
TRAVELWEB LLC; TRAVELPORT AMERICAS, LLC;
TRIP NETWORK, INC. (d/b/a CHEAP TICKETS, INC);
ORBITZ, LLC; ORBITZ WORLDWIDE, INC.;
INTERNETWORK PUBLISHING CORP. (d/b/a Lodging.com);
EXPEDIA, INC.; HOTELS.COM, L.P.; HOTELS.COM;
HOTWIRE, INC.; TRAVELNOW.COM INC.;
TRAVELOCITY.COM INC.; TRAVELOCITY.COM LP;
and SITE59.COM, LLC;

    Defendants.

_____/

## COMPLAINT

Plaintiff, the County of Monroe, Florida, alleges as and for its Complaint against Defendants named herein, upon personal knowledge as to itself and its own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation made by its undersigned attorneys, as follows:

### I. INTRODUCTION

1. This suit is brought by Plaintiff County of Monroe, Florida ("Monroe County" or the "County") in its capacity as a taxing authority against Defendants, as defined herein, for their continuing failure to remit the Tourist Development Taxes imposed under Monroe County Code § 2-297 in the amount "of three (3) percent of each whole and major fraction of each dollar of the total rental charged every person who rents, leases or lets for consideration … accommodations in any hotel, apartment hotel, motel, resort motel, apartment motel, rooming

house, tourist or trailer camp or condominium for a term of six (6) months or less." In the course of their businesses, Defendants obtain hotel rooms at wholesale rates then resell them to consumers at higher, retail rates. Although Defendants charge (and collect from) customers the tax amounts based on the higher retail rate, *the Defendants pay taxes only on the lower wholesale rate*. Defendants then improperly pocket the difference.

2. Defendants' acts of tax evasion give rise to the County's claims herein for: (1) violation of § 2-297 of the Monroe County Code, (2) unjust enrichment, and (3) conversion.

## II. JURISDICTION AND VENUE

3. Jurisdiction over this dispute and the named Defendants is proper under 28 USC §1332(a)(1) in that the Plaintiff is a political subdivision of the State of Florida, each of the Defendants are citizens of different States, and the amount in controversy exceeds the sum of $75,000.

4. Venue is proper under 28 USC §1391 in this court because all or a substantial part of the transactions giving rise to the harms complained of by Plaintiff occurred within Monroe County and this Judicial District.

## III. PARTIES

5 Plaintiff Monroe County is a political subdivision of the State of Florida and a taxing authority empowered to levy and impose taxes on the exercise of taxable privileges including the Tourist Development Tax authorized under F.S.A. § 125.0104, the "Local Option Tourist Development Act".

6. Defendants can be grouped into four distinct groups, as subsidiaries or indirect subsidiaries of either: A) Priceline; B) Travelocity ; C) Expedia, Inc.; or D) Orbitz .

2

A.     **The Priceline Defendants**

7.     *Defendant priceline.com Inc.*  Defendant priceline.com Inc. ("priceline.com") is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

8.     *Defendant Lowestfare.com, Inc.*  Defendant Lowestfare.com, Inc. ("Lowestfare.com") is a Delaware corporation with its principal place of business in Norwalk, Connecticut.  Defendant Lowestfare.com is a wholly-owned subsidiary of Defendant priceline.com.

9.     *Defendant Travelweb LLC.*  Defendant Travelweb LLC ("Travelweb") is a Delaware Corporation with its principal place of business located in Dallas, Texas.  Travelweb is a wholly owned subsidiary of Lowestfare.com.

B.     **The Travelocity Defendants**

10.    *Defendant Travelocity.com, Inc.*  Defendant Travelocity.com, Inc. ("Travelocity.com") is a Delaware corporation with its principal place of business in Texas.  Defendant Travelocity.com is an indirect subsidiary of Sabre Holdings Corporation, a Delaware corporation.

11.    *Defendant Travelocity.com, LP.*  Defendant Travelocity.com, LP ("Travelocity LP") is a Delaware limited partnership with its principal place of business in Texas.  Defendant Travelocity LP is an indirect subsidiary of Sabre Holdings Corporation.

12.    *Defendant Site59.com LLC* is a Delaware limited liability company with its headquarters in New York, New York.  Defendant Site59.com, LLC is an indirect subsidiary of Sabre Holdings Corporation.

C.     **The Expedia Defendants**

13.    *Defendant Expedia, Inc.*  Defendant Expedia, Inc. ("Expedia") is a Delaware corporation with its principal place of business in Bellevue, Washington.

3

14. *Defendant Hotels.com, L.P.* Defendant Hotels.com, L.P. ("Hotels.com LP") is a Texas limited partnership with its principal place of business in Bellevue, Washington. Defendant Hotels.com, LP is a wholly-owned subsidiary of Defendant Hotels.com.

15. *Defendant Hotels.com.* Defendant Hotels.com ("Hotels.com") is a Delaware corporation with its principal place of business in Bellevue, Washington. Defendant Hotels.com is a wholly-owned subsidiary of Defendant Expedia, Inc.

16. *Defendant Hotwire, Inc.* Defendant Hotwire, Inc. ("Hotwire") is a Delaware corporation with its principal place of business in San Francisco, California. Defendant Expedia is the parent company of Defendant Hotwire.

17. *Defendant TravelNow.com, Inc.* is a Delaware corporation, and a wholly-owned subsidiary of Defendant Expedia.

D. **The Orbitz Defendants**

18. *Travelport Americas Inc.* ("Travelport") is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Travelport was formerly known as Cendant Travel Distribution Services Group, Inc.

19. *Defendant Trip Network, Inc. (d/b/a Cheap Tickets.com)* is a Delaware corporation with its principal place of business in Honolulu, Hawaii. Defendant Trip Network, Inc. is an indirect subsidiary of Orbitz Worldwide, Inc.

20. *Defendant Orbitz, LLC.* Defendant Orbitz, LLC is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant Orbitz, LLC is an indirect subsidiary of Orbitz Worldwide, Inc.

4

21. *Defendant Orbitz Worldwide, Inc.* Defendant Orbitz Worldwide, Inc. ("Orbitz Worldwide") is a Delaware corporation with its principal place of business located in Chicago, Illinois.

22. *Defendant Internetwork Publishing Corp* Defendant Internetwork Publishing Corporation (d/b/a Lodging.com) ("Lodging") is a Florida Corporation and an indirect subsidiary of Orbitz Worldwide.

## IV. SUBSTANTIVE ALLEGATIONS

23. As recently as 1997, the concept of an "internet travel company" – an entity organized to effectuate travel plans, reservations and purchases via the world wide web – was virtually unknown. However, as even the most infrequent vacationer can attest, the creation and growth of this industry has been explosive since that time. By some estimates, more than half of all hotel bookings in the United States are made online, many through internet travel companies owned by the Defendants. Through their web portals, the Defendants allow consumers to rent hotel rooms in many different hotels in many large and small cities throughout the country and the world. These companies offer their services to hotels and consumers along two different business models: The "Agency Model," and the "Merchant Model."[1] In the early years of internet travel companies, the Agency Model was the primary method of business, but in recent years, the Merchant Model has grown to represent a majority of total online bookings through the Defendants' internet travel sites.

### A. The "Agency Model"

24. Under the Agency Model, the Defendants charge a "service fee" to hotel operators on a transaction basis for booking customers into rooms at a given hotel. Recently,

---

[1] The two models are described in the 2002 annual report of Defendant Expedia, Inc. as filed with the Securities and Exchange Commission on Form 10-K on March 31, 2003, and the 2004 Annual Report on Form 10-K as filed with the SEC of IAC/Interactive Corp. (the parent company – at that time – of Expedia.com, Hotwire.com and Hotels.com), p. 9.

5

the Defendants have also charged a "booking fee" of approximately $5.00 per transaction directly to the consumers involved as well. Under the Agency Model, the hotel itself sets the price of its rooms and is the merchant of record for the transaction. The transient visitor pays the hotel directly for the room. The Defendants do not maintain any inventory of rooms, set the cancellation policies or have any financial responsibility or liability to the transient visitor for dissatisfaction or with mistakes in booking. Defendant Expedia described the Agency Model as follows in its 2002 Annual report:[2]

> Under the agency model, **we act as an agent in the transaction**, passing a customer's reservation to the travel supplier (airline, hotel, car rental company or destination-service provider). We often receive a commission from the travel supplier for our services as an agent. In an agency transaction, **the supplier sets the retail price paid by the customer**, and **the supplier is the merchant of record for the transaction**. (Emphasis added).

25. The Defendants do not pay any occupancy taxes on the fees they receive from the hotels or from the consumers related to making the hotel reservations.

**B.     The "Merchant Model"**

26. Under the Merchant Model, the Defendants do not function merely as a service provider collecting a fixed transaction fee. Rather, the Merchant Model consists of two independent but related transactions whereby an internet travel company ("ITC"), including each of the Defendants: i) purchases and receives inventories of hotel rooms at negotiated rates from the hotels ("Wholesale" or "Net" rates); and ii) re-sells the rooms to consumers at rates determined by the ITC ("Retail" rates), keeping the difference as profit. The ITC purchases the rooms from the hotel, typically paying for the rooms at the "Wholesale" rate (and paying hotel taxes based on the "Wholesale" rate) with a credit card belonging to the ITC. The transient visitor then purchases the room from the ITC at the significantly higher "Retail" rate (plus

---

[2] 2002 annual report of Expedia, Inc. as filed with the Securities and Exchange Commission on Form 10-K on March 31, 2003, p. 4.

6

taxes) in a credit card transaction in which the ITC is the merchant of record. These merchant transactions were described in public filings by Expedia as follows:

> Under the merchant model, **we receive inventory** (hotel rooms, airline seats, car rentals, destination services) from suppliers at negotiated rates. We determine the retail price paid by the customer and **we then process the transactions as the merchant of record for the transaction**. Acting as a merchant enables us to achieve a higher level of gross profit per transaction compared to the agency model and allows us to provide better prices to customers compared to agency transactions. Merchant transactions comprised 58% of our total revenues in 2002 and are derived from the difference between what we pay for the inventory and what we charge the customer. (Emphasis added).[3]

27. Similarly, priceline.com specifically admitted that it actually "purchases" and "takes title" to hotel rooms before reselling them to end users:

> For most of these transactions, we establish the price we will accept, have total discretion in supplier selection, **purchase and take title to the particular product and are the merchant of record**. Consumers agree to hold their offers open for a specified period of time to enable us to fulfill their offers from inventory provided by participating sellers. Once fulfilled, offers generally cannot be canceled. (Emphasis added).[4]

28. Hotels.com also identified itself as a "reseller" of hotel rooms obtained from the hotels:

> We contract with hotels and other lodging properties in advance for volume purchases and guaranteed availability of rooms at wholesale prices **and resell these rooms to consumers** through our websites, third-party affiliated websites and our toll-free call centers. (Emphasis added).[5]

29. Similarly, Orbitz admits that it "receive[s] inventory directly from a hotel" that it "then mark[s]-up and sell[s] to consumers:"

---

[3] 2002 annual report of Expedia, Inc. as filed with the SEC on Form 10-K on March 31, 2003.

[4] Priceline.com annual report for the year ending Dec. 31, 2002 on Form 10-K as filed with the SEC on March 15, 2003, p. 5.

[5] 2000 Annual Report of Hotel Reservations Network, Inc. (later renamed Hotels.com) filed on Form 10-K with the SEC on April 2, 2001, p.18.

7

> Our hotel agreements include . . . merchant hotel contracts with certain hotels, hotel management groups and hotel chains that give us access to discounted negotiated rates **that we then mark-up and sell to consumers on a prepaid basis**.
>
> \* \* \*
>
> Our strategy calls for us to increase the number of hotel rooms we can offer under our Orbitz Merchant Hotel program based on merchant arrangements we make directly with individual hotel properties and independent chains. Under the Orbitz Merchant Hotel program, **we receive inventory directly from a hotel at a negotiated rate, and we determine the retail price at which we choose to offer it to the consumer**.
>
> \* \* \*
>
> **We must also pay net rates to hotels in the event merchant hotel bookings sold on our website are purchased fraudulently**. (Emphasis added).[6]

This provision demonstrates that Defendant Orbitz did assume the risk of loss in certain of these sale transactions.

30.   Likewise, Travelocity, Inc. also distinguished its purchase and re-sale transactions under the Merchant Model from those where it merely provided a service:

> In order to increase its sales of higher margin products, Travelocity's business plan calls for it to increase **merchant model sales** pursuant to which **Travelocity serves as the merchant of record in the transaction rather than as a sales agent**. In the merchant business, suppliers make inventory, such as airline seats, hotel rooms, car rentals, cruises, and vacation packages, available to Travelocity at wholesale or "net" rates. The merchant of record then sets the retail price that the customer pays and processes the transaction. **The merchant business generally delivers higher revenue per transaction than comparable sales under the agency model, in which Travelocity acts as an agent in the transaction, passing a customer's reservation to the travel supplier and receiving a commission from the supplier for its services**. (Emphasis added).[7]

---

[6] 2003 annual report of Orbitz, Inc. as filed with the SEC on Form 10-K on March 18, 2004, pp. 11, 28, 73.

[7] 2001 annual report of Travelocity.com, Inc., as filed with the SEC on March 26, 2002, p.6

8

31. As Defendants have admitted in these sworn public filings and elsewhere that they rent, lease and let hotel accommodations for consideration and that they charge and collect hotel rental room and tax charges from consumers as consideration of the room rented.

32. Defendants all employ the Merchant Model. By using this method of business to acquire room stays in large blocks, Defendants are able to negotiate a lower, "wholesale" purchase or lease price from the hotels. Defendants then re-sell or re-lease the hotel rooms to consumers at a "retail" rate that is substantially higher than the "wholesale" rate Defendants paid to the hotels. This purchase and re-sale "Merchant" business model is far more profitable for the Defendants, and has become the dominant business paradigm in recent years.

33. Plaintiff enacted a Tourist Development Tax, Section 2-297 of the Monroe County Code, imposing a 3% "tourist development tax" on "each whole and major fraction of each dollar of the total rental charged every person who rents, leases or lets for consideration any living quarters or accommodations in any hotel, apartment hotel, motel, resort motel, apartment motel, rooming house, tourist or trailer camp or condominium for a term of six (6) months or less." The Monroe County Code further provides that the Tourist Development Tax is additional to all other taxes assessed, and that the tax "shall be charged by the person receiving the consideration for the lease or rental, and it shall be collected from the lessee, tenant or customer at the time of payment of the consideration for such lease or rental."

34. Defendants charge tourists the full tourist development tax based on the retail rate paid by tourists, but the County has been paid only that portion of the tax relating to the wholesale rate Defendants pay to the hotels. Defendants unlawfully pocket the difference to pad their "bottom lines."

## V. CAUSES OF ACTION

### COUNT I
### (Violation of § 2-297 of the Monroe County Code)

35. Plaintiff County repeats and realleges the allegations set forth in Paragraphs 1 through 34, *supra*, as if fully set forth herein.

36. Plaintiff Monroe County is a tax authority empowered to levy and collect Tourist Development Taxes pursuant to law.

37. Defendants rented, lease, and let hotel accommodations for consideration which accommodations are located within Monroe County. Defendants have received consideration and Tourist Development Tax charges from consumers to whom they have rented rooms but have failed to remit to Monroe County the amounts due and owing to the Monroe County pursuant to Monroe County Code § 2-297.

38. Failure to convey these taxes to the County has generated a debt owed by Defendants to the County, which is hereby sought to be recovered pursuant to the County's legal collection authority. Monroe County is further entitled to penalties, costs and/or interest owed as a result of Defendants' failures to remit appropriate tax sums, in accordance with Monroe County Code § 2-298 and otherwise.

39. The precise amount of all recoverable damages, penalties and/or interest will be determined at time of trial.

### COUNT II
### (Conversion)

40. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 39, *supra,* as if fully set forth herein.

10

41. At all times relevant hereto, funds which were the legal property of the County were in the possession and under the control of Defendants. Defendants, through the conduct alleged herein, intentionally and wrongfully deprived the County of tax revenue due and owing to the County under the Monroe County Code, § 2-297 et seq.

42. As a direct and proximate result of Defendants' conduct, the County has suffered, and will continue to suffer, damages in an amount to be determined at time of trial.

## COUNT III
### (Unjust Enrichment)

43. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42, *supra*, as if fully set forth herein.

44. As a result of their conduct alleged herein, Defendants have unjustly received and retained a benefit to the detriment of the County. Defendants are required to collect the tourism development tax on behalf of the County, and in fact collect that tax from customers. Defendants, however, improperly retain a portion of the tax owing to the County. Defendants' retention of this tax violates fundamental principles of justice, equity, and good conscience. The specific sums of money unlawfully received and retained by Defendants is identifiable from information and records in their possession or control.

45. Monroe County is therefore entitled to the return of all such amounts owed it, plus any interest and other amounts provided for by law or equity on said amounts from the date the tax monies were required to have been remitted to the County.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an Order of this honorable Court as follows:

A.  Entering judgment in favor of Plaintiff and against Defendants for: (i) violations of Monroe County Code § 2-297 *et seq.*; (ii) conversion; and (iii) unjust enrichment;

B.  Awarding Plaintiff its full damages, inclusive of all tax amounts owed, all applicable penalties and interest, and reasonable attorneys' fees and costs, and;

C.  Granting such further relief as the Court deems just.

DATED: June 3, 2008.

Respectfully submitted,

By: _____
Tod Aronovitz (FBN 186430)
Steven Jaffe (FBN 390770)
**ARONOVITZ JAFFE**
150 West Flagler Street
Suite 2700-Museum Tower
Miami, FL 33130
Telephone:   (305) 372-2772
Facsimile:    (305) 375-0243

Karl P. Barth
Keri L. Greenheck
**LOVELL MITCHELL & BARTH, LLP**
11542 NE 21st Street
Bellevue, WA  98004
Telephone:   (425) 452-9800
Facsimile:    (425) 452-9801

Paul M. Weiss
**FREED & WEISS LLC**
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
Telephone:   (312) 220-0000
Facsimile:    (312) 220-7777

12

Richard J. Burke
**RICHARD J. BURKE LLC**
1010 Market Street, Suite 660
St. Louis, Missouri 63101
Telephone:    (314) 880-7000
Facsimile:    (314) 880-7777

Scott D. Gilbert
David A, Killalea
**GILBERT HEINTZ & RANDOLPH, LLP**
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:    (202) 772-2200
Facsimile:    (202) 772-3333

**Counsel for Plaintiff Monroe County**

13

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

June 03, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### I. (a) PLAINTIFFS
THE COUNTY OF MONROE, FLORIDA

### DEFENDANTS
PRICELINE.COM INC., LOWESTFARE...

(b) County of Residence of First Listed Plaintiff: Monroe County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
SEE ATTACHED

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☑ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

KW 08CV10044-Martinez/Brown

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S). (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☑ YES ☐ NO

JUDGE Paul C. Huck
DOCKET NUMBER 06-CV-21878

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violation of § 2-297 of the Monroe County Code.

LENGTH OF TRIAL via 30 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 6/3/08

FOR OFFICE USE ONLY
AMOUNT $350.00 RECEIPT # 98/468 IFP
06/03/08